# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  RANDELL C. CROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-405-G |
| | ) | |
| 1.  PAYCOM PAYROLL, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Randell C. Crow ("Plaintiff" or "Crow") and for his causes of action herein alleges:

## PARTIES

1. At all times mentioned herein, Plaintiff was a resident of Oklahoma County, Oklahoma.

2. Defendant Paycom Payroll, LLC, is a foreign limited liability company operating in Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for interference with Plaintiff's FMLA rights and retaliation after Plaintiff sought to exercise those rights, in violation of the Family Medical Leave Act (FMLA), disability discrimination as prohibited by the Americans with Disabilities Act, and age discrimination as prohibited by the ADEA, which are prohibited by Title VII of the Civil Rights Act of 1964 and Oklahoma's Anti-

Discrimination Act (OADA). Jurisdiction over the federal claims is vested in this Court under 29 U.S.C. § 2617(a)(2) and 626(c), 42 U.S.C. §§ 2000e-5(f)(1) and 12117(a), and 28 U.S.C. § 1331. Jurisdiction over the state law claims is vested under 28 U.S.C. § 1367.

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, which is in the Western District of the United States District Courts for Oklahoma. The Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## **STATEMENT OF FACTS**

5. Plaintiff is an adult employee of the Defendant who, at the time of his termination, had worked for the Defendant for more than twelve (12) months and who had worked more than 1250 hours during the prior twelve months.

6. Plaintiff had not taken more than twelve (12) weeks of FMLA leave during the twelve (12) months prior to his termination, and was an eligible employee as defined by the FMLA.

7. Defendant is a business engaged in interstate commerce which, during the year before and the year of Plaintiff's termination, employed fifty (50) or more employees within seventy-five (75) miles of the facility where Plaintiff was employed during each week of the year before and the year of Plaintiff's termination.

8. Plaintiff was, at all relevant times, over sixty (60) years old and was employed by Defendant from approximately March 7, 2016, until his wrongful discharge on or

about October 25, 2017.

9. At the time of Plaintiff's termination, he occupied the job position of Software Developer II.

10. During all periods of employment, Plaintiff held the qualifications required for his job position and was performing in a satisfactory manner.

11. On or around January 12, 2017, Plaintiff injured his right shoulder including his rotary cuff. The injury significantly impaired his ability to perform his major life activities of lifting, reaching and otherwise using his right arm and also substantially impaired the bodily function of the operation of his right arm. This constituted a disability as defined by the Americans with Disabilities Act as amended (ADAAA) and the Oklahoma Anti-Discrimination Act (OADA) and, following the surgery, constituted a record of a disability. Plaintiff requested time off work to undergo surgery, as a reasonable accommodation for treatment of his medical condition and explained his injury and impairment. Plaintiff returned to work on or around January 25, 2017.

12. On or around September 1, 2017, Plaintiff informed his direct supervisor, Adam Miles, and team lead, Kendall Owen, that he had injured his left shoulder and about the nature and effect of that injury. The injury significantly impaired his ability to perform his major life activities of lifting, reaching and otherwise using his left arm and also substantially impaired the bodily function of the operation of his left arm and shoulder. This constituted a disability as defined by the Americans with Disabilities

Act as amended (ADAAA) and the Oklahoma Anti-Discrimination Act (OADA) and, following the surgery, constituted a record of a disability. Plaintiff requested time off work to undergo surgery, as a reasonable accommodation for treatment of his medical condition. On or around September 28, 2017, Plaintiff had surgery on his left shoulder and returned to work on or about October 16, 2017.

13. On or around October 23, 2017, Plaintiff informed his direct supervisor, Mr. Miles, and team lead, Mr. Owen, that he needed to have back surgery in the near future. Plaintiff was severely restricted in his ability to walk, sit and stand constituting a disability to those major life functions and to the operation of his back and spine. Such condition was worsening and surgery was required to prevent permanent damage to his back and legs. Plaintiff informed Mr. Miles and Mr. Owen of these conditions and the effect on him and that he had been seeing a pain management doctor from approximately March 2016 to April 2017 due to complications from a previous back surgery. Plaintiff additionally informed both Mr. Miles and Mr. Owen that despite Plaintiff's treatment from his pain management doctor, he continued to have severe pain and discomfort, which led Plaintiff to seek medical advice from an orthopedic surgeon. Plaintiff told Mr. Miles and Mr. Owen that his orthopedic surgeon advised he schedule surgery immediately. Plaintiff informed Mr. Miles and Mr. Owen that his surgery was scheduled for December 19, 2017, and his recovery would last approximately two (2) months. Plaintiff asked off work to undergo surgery, which was a request for a reasonable accommodation under the ADA and FMLA.

14. On or around October 24, 2017, Plaintiff sent a meeting request to Human Resource Representative, Taylor McMullen, to discuss Plaintiff's upcoming medical leave and his

right to the Family and Medical Leave Act (FMLA).

15. On or around October 25, 2017, approximately two (2) days after Plaintiff informed his supervisor, Mr. Miles, and team lead, Mr. Owen, he needed to have back surgery and one (1) day after Plaintiff requested information regarding FMLA associated with his upcoming medical leave and met with Ms. McMullen, Plaintiff was terminated.

16. Defendant claimed the reason for Plaintiff's termination was for alleged conduct that violated Defendant's policies on professional workplace behavior, however, this reason is false because Plaintiff did not engage in misconduct and the company knew that the allegations were false prior to Plaintiff's termination. Defendant had not warned Plaintiff orally or in writing about any issues prior to his termination.

17. The real reason for Plaintiff's termination was displeasure with Plaintiff's need for leave, resulting in interference with Plaintiff's FMLA leave rights and his rights of accommodation under the ADAAA and OADA.

18. A cause of the termination was also Plaintiff's age and the fact that he was the oldest person in his work group.

19. The person who hired Plaintiff was not the person who fired Plaintiff.

20. As a direct result of Defendant's actions, Plaintiff has suffered lost earnings and benefits, past, present and future, and dignitary harms for which he is entitled to compensation.

21. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on or about January 23, 2018. Plaintiff received his right to sue letter on February 6, 2019. This lawsuit is timely brought within ninety (90) days of issuance of the right to sue letter. By such actions Plaintiff has exhausted all state and federal administrative

requirements for his wrongful termination actions under the OADA, ADEA and the Americans with Disabilities Act as Amended (ADAAA).

## **COUNT I**

Plaintiff incorporates all prior allegations and further alleges that:

22. Discrimination based on disability, including the failure to accommodate, is contrary to the ADAAA and the OADA.

23. As a direct result of Defendant's actions, Plaintiff has suffered lost earnings and benefits, past, present and future, and dignitary harms for which he is entitled to compensation.

24. Plaintiff is entitled to compensation for all of the damages above described together with reinstatement and/or front pay.

25. The actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, such that punitive damages should be assessed in a sum equal to or greater than the amount of actual damages awarded.

## **COUNT II**

Plaintiff incorporates all prior allegations and further alleges that:

26. Discrimination based on age is contrary to the ADEA and the OADA.

27. As a direct result of Defendant's actions, Plaintiff has suffered lost earnings and benefits, past, present and future, which is continuing through the present for which he is entitled to compensation.

28. The actions of the Defendant were intentional, such that liquidated damages should be assessed in the sum equal to Plaintiff's wage loss through the date of trial.

## COUNT III

Plaintiff incorporates all prior allegations and further alleges that:

29. Interference with Plaintiff's exercise of his FMLA rights and retaliation after Plaintiff requested to exercise such rights are both violations of the FMLA.

30. As a direct result of Defendant's actions, Plaintiff has suffered lost earnings and benefits, past, present and future, which is continuing through the present for which he is entitled to compensation.

31. Plaintiff is entitled to compensation for all of the wage and benefit damages above described together with reinstatement and/or front pay.

32. As a direct result of Defendant's actions, liquidated damages should be assessed in a sum equal to Plaintiff's wage loss through the date of trial.

## PRAYER

**WHEREFORE**, Plaintiff prays that he be awarded his actual and liquidated damages together with costs, pre-and post judgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 2ND DAY OF MAY, 2019**.

<div style="margin-left: 40%;">

HAMMONS, GOWENS, HURST & ASSOCIATES

s/ Kristin E. Richards
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
Kristin E. Richards, OBA No. 33255
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email:kristin@hammonslaw.com
*Counsel for Plaintiff*

</div>